UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61905-CIV-MARRA
(APPEAL FROM BANKRUPTCY CASE NO. 10-43859-BKC-RBR)

In re:

JEAN-SEBASTIEN GROS and
TRISHA K. GROS,

       Appellants,

v.

DONALD F. WALTON,
WEISSMAN & DERVISHI, P.A., and
SMITH & HENNESSEY, PLLC,

       Appellees.
_____/

## OPINION AND ORDER

Appellants Jean-Sebastien Gros and Trisha K. Gros ("Appellants") filed this bankruptcy appeal challenging the "Order Denying Confirmation of First Amended Plan and Granting US Trustee's Motion to Dismiss" in bankruptcy case number 10-43859-RBR.  The issues are briefed and ripe for review.  For the reasons that follow, the Court affirms the Bankruptcy Court's order.

## I. Jurisdiction

District courts have jurisdiction to review appeals from final bankruptcy court judgments, orders, and decrees.  28 U.S.C. § 158(a).  Pursuant to the Federal Rules of Bankruptcy Procedure, an appeal of right may be taken as permitted by 28 U.S.C. § 158(a)(1) or (a)(2).  *See* Fed. R. Bankr. P. 8001(a).

## II. Standard of Review

Bankruptcy Courts are governed by the Federal Rules of Bankruptcy Procedure. Federal Rule

of Bankruptcy Procedure 8013 states that a district court shall review the factual findings of a bankruptcy court for clear error. The District Court reviews *de novo* the conclusions of law of the bankruptcy court and application of the law to the particular facts of the case. *See In re Feingold*, 474 B.R. 293, 294 (S.D. Fla. 2012) (citing *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir.2009); and *In re Club Assocs.*, 951 F.2d 1223, 1228–29 (11th Cir. 1992)) ("The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*.").

### III.  Background[1]

Appellants filed a Chapter 11 petition for relief in November of 2010. (BKC, DE 1). In an amended disclosure statement, Appellants indicated that they owned and operated a wholesale seafood business and managed real estate properties. (BKC, DE 222). Appellants filed their amended plan of reorganization based on projected income from the business and the properties as well as Appellant Trisha K. Gros's income from teaching. (BKC, DE 221). Under the plan, Appellants would keep and continue to receive rental income from most of their real estate properties. The plan also proposed a distribution to unsecured creditors totaling $20,000.00—or approximately 1% of the value of the claims in that class—payable through the life of the plan at $1,000.00 per quarter.

The bankruptcy court approved Appellants' amended disclosure statement and scheduled a confirmation hearing for the proposed plan of reorganization. Appellee Weissman & Dervishi, P.A., an unsecured creditor, and Appellee Donald Walton, the United States Trustee, objected to the plan on the grounds that, among other things, it was not feasible under 11 U.S.C. § 1129(a)(11).[2] (BKC,

---

[1] For purposes of clarity, documents filed in this docket, 12-61905-CIV-KAM, shall be cited as "(DE __)." Documents filed in the underlying bankruptcy docket, 10-43859-BKC-RBR, shall be filed as "(BKC, DE __)."

[2] Section 1129(a)(11) of Title 11 of the United States Code provides that "[t]he court shall confirm a plan only if all of the following requirements are met: . . . Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such

DE 261–62). The United States Trustee also moved to dismiss Appellants' bankruptcy case, or, alternatively, to convert the case into one proceeding under Chapter 7. (BKC, DE 186).

At the hearing, Appellant Jean-Sebastien Gros ("Mr. Gros") testified that the rental income Appellants received from real estate property, together with the income they received from his seafood business, would be sufficient to pay Appellants' secured creditors, as well as the proposed distribution to the unsecured creditors. (BKC, DE 283 at 23–36) (Tr. of Hr'g). In support of this position, Mr. Gros testified that, although the seafood business is "cyclical" in nature, he expected that a new business venture would generate sufficient income to support the reorganization plan. No evidence was provided as to exactly how much income this venture would generate.[3]

In denying confirmation of the plan, the bankruptcy court disagreed with Mr. Gros's assessment:

> Here, we have a Chapter 11 bankruptcy case that has been pending for sixteen (16) months that has been unable to produce cash flow during the pendency of the bankruptcy case. Yet, the Debtors request this Court to confirm a plan of reorganization that provides for payments to secured creditors and a distribution to unsecured creditors. However there is insufficient evidence that the Debtors will be able to make those payments throughout the life of the plan. Therefore, the plan is not feasible, as the Debtors have not presented credible evidence to show that the Debtors can afford the payments proposed under the plan and cannot show that confirmation will not be followed by liquidation.

(BKC, DE 287). This conclusion was reached, based at least in part, on the bankruptcy court's evaluation of the monthly operating reports filed by Appellants during their bankruptcy case:

> During the pendency of the Debtor's bankruptcy case in 2010, the Debtors operated at a positive cash flow in November 2010 and a negative cash flow in

---

liquidation or reorganization is proposed in the plan."

[3] Mr. Gros testified regarding an informal letter sent to him by his partner in the new business venture, but that letter was not admitted into evidence, so the bankruptcy judge considered only Mr. Gros's testimony regarding it. (BKC, DE 287).

December 2010. Taking into consideration the receipts and disbursements in 2010, the Debtors had negative cash flow of -$259.82 for the time period. In 2011, the Debtors operated at a positive cash flow during four months: March, April, September and October. The Debtors broke even in February. Taking into consideration the receipts and disbursements in 2011, the Debtors had cash flow of $2,595.43 for the entire year.

The [monthly operating reports] for 2012 show that the Debtors continued operating with a negative cash flow during the months of January, March, and May. The Debtor operated with positive cash flow during February and April. A review of the docket in this case shows no data reported for June, 2012, as the Debtor is delinquent in the filing of the June, 2012, [monthly operating report]. Taking into consideration the receipts and disbursements of the first five (5) months of 2012, the Debtors had cash flow of $2,648.37 for the time period.[4]

(BKC, DE 287) (internal citations omitted) (footnote added). The bankruptcy court accordingly denied confirmation of the amended plan of reorganization and granted the US Trustee's motion to dismiss, dismissing Appellants' bankruptcy case with prejudice.

Appellants now appeal the bankruptcy court's order denying confirmation of the reorganization and granting the US Trustee's motion to dismiss. The primary basis for this appeal, and the only basis this Court needs to address, is Appellants' belief that the bankruptcy court erroneously found that the reorganization plan was not feasible. For the reasons that follow, this Court concludes that the bankruptcy court's finding was not clearly erroneous. The "Order Denying Confirmation of First Amended Plan and Granting US Trustee's Motion to Dismiss" is accordingly affirmed.

## IV. Discussion

A plan of reorganization must be feasible to be confirmed by the bankruptcy court. *See* 11 U.S.C. 1129(a)(11). A finding of feasibility requires a finding that "[c]onfirmation of the plan is not

---

[4] The bankruptcy court calculated cumulative cash flow by totaling the net cash flow for each month end based on Appellants' monthly operating reports.

likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." *Id.* While the feasibility test does not require a plan's proponent to show "a guarantee of success," *In re New Midland Plaza Associates*, 247 B.R. 877, 885 (Bankr. S.D. Fla. 2000), "[t]he plan itself must offer a reasonable probability of success and be workable," *In re Haas*, 162 F.3d 1087, 1090 (11th Cir. 1998).

"In determining if a plan is feasible, a court can consider such factors as the earning power of the business, its capital structure, and economic conditions. In addition, past performance of the debtor can add clarity to a plan's feasibility. Testimony of the debtor is, of course, another source of evidence that can aid the court in deciding whether a plan is feasible." *In re JRV Indus., Inc.*, 344 B.R. 679, 683 (Bankr. M.D. Fla. 2006). The bankruptcy court's findings as to plan feasibility are reviewed for clear error.

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, upon examining the entire evidence, is left with the definite and firm conviction that a mistake has been committed. If the lower court's assessment of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 485 B.R. 460, 468 (S.D. Fla. 2013) (citations omitted). Here, the bankruptcy court found that—based on the monthly operating reports and the testimony of Mr. Gros himself—Appellants' plan did not offer a reasonable probability of success. In other words, the bankruptcy court considered Appellants' earning power, the economic conditions

surrounding the seafood business, Mr. Gros's testimony, and Appellants' past performance as indicated in the monthly operating reports—and the bankruptcy court rejected Appellants' proposed reorganization plan as not feasible under 11 U.S.C. 1129(a)(11) based on these factors.

Even if Appellants were correct in arguing that there was some evidence to support a finding of feasibility, based on a review of the evidence and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed." There was ample evidence below to support the bankruptcy court's finding that Appellants failed to show a likelihood of their income being sufficient to support the reorganization plan. Thus, this Court concludes that the bankruptcy court's finding was not clearly erroneous.

## V. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the "Order Denying Confirmation of First Amended Plan and Granting US Trustee's Motion to Dismiss" is **AFFIRMED.** The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of July, 2013.

_____
KENNETH A. MARRA
United States District Judge